IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY F. MITCHELL,** | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-08-1414 |
| v. | : | (Judge Rambo) |
| **SCOTT DODRILL,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM & ORDER

Plaintiff Troy F. Mitchell, an inmate confined at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 28 U.S.C. § 1331. Presently pending is Plaintiff's motion for appointment of counsel (Doc. 4). For the reasons set forth below, the motion will be denied.

Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993). The *Tabron* court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of

course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id.* In addition to the factors just noted, under *Tabron*, a district court's decision whether to appoint counsel should also be "informed" by a consideration of the following factors: "the difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether "a case is likely to turn on credibility determinations;" "where the case will require testimony from expert witnesses;" and "whether an indigent plaintiff could obtain counsel on his or her own behalf." *Id.* at 156, 157 n.5.

The *Tabron* court also held that the "appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte*." *Id.* at 156. Finally, the *Tabron* court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the

limited supply of competent attorneys willing to accept such appointments. *Id.* at 157.

In a subsequent decision, the Third Circuit Court of Appeals reiterated that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). The *Montgomery* court recognized that the criteria set forth in *Tabron* should be employed in addressing the appointment of counsel issue. In a non-precedential decision, *Gordon v. Gonzalez*, No. 04-4623, 2007 WL 1241583, at *2 n.4 (3d Cir. Apr. 30, 2007), the Third Circuit Court of Appeals added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographical area.

A review of Plaintiff's filings thus far reveals that he is capable of litigating this action on his own. He clearly possesses the ability to prepare pleadings and present comprehensible arguments to the Court. He set forth the allegations in his complaint and other filings in legible handwriting and in plain, and concise statements. Consequently, there is no indication at this early stage that Plaintiff is incapable of litigating this case on his own. The issues are not overly complicated, and any concern regarding the need for counsel to assist in trial preparation is

premature at this stage.  Accordingly, the motion for appointment of counsel will be denied, but without prejudice.  Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED** without prejudice.

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: November 5, 2008.