# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY F. MITCHELL,** | : | **CIVIL NO. 1:08-CV-01414** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **SCOTT DODRILL,** *et al.*, | : | |
| **Defendants** | : | |

-----------------------------------------------------------------

| | | |
|---|---|---|
| **TROY F. MITCHELL,** | : | **CIVIL NO. 1:09-CV-00020** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **WARDEN BLEDSOE,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Plaintiff Troy F. Mitchell ("Mitchell") initiated both of the above-captioned *Bivens*[1]-styled civil rights actions pursuant to 28 U.S.C. § 1331. Mitchell is currently incarcerated at the United States Penitentiary in Lewisburg,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Pennsylvania ("USP Lewisburg").  In civil action number 1:08-cv-01414, Mitchell names as Defendants Northeast Regional Director Scott Dodrill, USP-Lewisburg Warden B.A. Bledsoe, former Warden Troy Williamson, Associate Warden Marriano, Associate Warden Estrada, Captain Passaniti, and Unit Manager Hollenbach.  In civil action number 1:09-cv-00020, Mitchell names as Defendants USP-Lewisburg Warden Bledsoe, former Warden Williamson, and Associate Warden Marriana, Associate Warden Estrada, Captain Passaniti, psychologist Contri, Lt. Carrasquillo, and hospital administrator Brown.  For the reasons set forth below, the actions will be ordered consolidated, and Mitchell will be granted leave to file one all-inclusive amended complaint.

**I.     Background**

In each complaint, Mitchell sets forth a number of constitutional violations relating to the special management unit ("SMU") at USP-Lewisburg.  In the complaint docketed at 1:08-cv-01414, Mitchell alleges that prison officials subjected him to cruel and unusual punishment while he was housed in the SMU.  Specifically, he is challenging his placement in the SMU and the conditions in the SMU.  Further, he claims that he sustained serious injury to his hearing when prison officials needlessly shot him with a concussion grenade during a riot in the

SMU which took place in March of 2008. Mitchell also alleges that prison officials violated his due process rights in subsequent administrative proceedings addressing his grievances with respect to the conditions in the SMU and the use of force upon him during the March 2008 riot. In the complaint docketed at 1:09-cv-00020, Mitchell sets forth the same allegations relating to his time spent in the SMU. Each complaint spans the time period from October 2007 through June 2008. As relief, Mitchell seeks monetary damages as well as injunctive relief.

## II.   Discussion

A review of both *Bivens* actions reveals that they involve common facts and questions of law. For the reasons outlined below, the court will direct that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under civil action number 1:08-cv-01414, which was the initially filed action.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1)    join for hearing or trial any or all matters at issue in the actions;
    (2)    consolidate the actions; or
    (3)    issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A review of the respective civil rights actions reveals that they are significantly similar. The actions assert essentially the same claims for relief, claims relating to Mitchell's treatment in the SMU, and span essentially the same time period. In addition, the actions contain common factors of law and fact. As a result, in the interests of judicial economy, the court will order the consolidation of the two actions pursuant to Rule 42(a) and will proceed with the consolidated matter under Mitchell's initially filed action, civil action number 1:08-cv-01414.

Further, in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the court will grant Mitchell the opportunity to file one all-inclusive amended complaint attempting to state an actionable *Bivens* claim against a named defendant or defendants. He will be afforded thirty (30) days from the date of this order within which to file a proper amended complaint.

In preparing his amended complaint, Mitchell is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not

contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Mitchell is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations.[2]  *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

---

[2] Mitchell is reminded that the caption of the amended complaint must include all named defendants, including all previously-named defendants from the complaints referenced herein, if he so desires, as well as any newly-named defendants.  Furthermore, the body of the complaint

Finally, Mitchell is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, this case will be closed.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 23, 2009.

---

must contain allegations relating to all defendants named therein.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY F. MITCHELL,** | : | **CIVIL NO. 1:08-CV-01414** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **SCOTT DODRILL,** *et al.*, | : | |
| **Defendants** | : | |

-----------------------------------------------------------------

| | | |
|---|---|---|
| **TROY F. MITCHELL,** | : | **CIVIL NO. 1:09-CV-00020** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **WARDEN BLEDSOE,** *et al.*, | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, this 23rd day of January, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The Clerk of Court is directed to **CONSOLIDATE** *Mitchell v. Warden Bledsoe, et al.*, civil no. 1:09-cv-00020, into *Mitchell v. Scott Dodrill, et al.*, civil no. 1:08-cv-01414, pursuant to Fed. R. Civ. P. 42(a).

2) The Clerk of Court is directed to **CLOSE** *Mitchell v. Warden Bledsoe, et al.*, civil no. 1:09-cv-00020.

3) In *Mitchell v. Scott Dodrill, et al.*, civil no. 1:08-cv-01414, the court's order dated December 3, 2008, directing the defendants to answer or otherwise respond to the complaint on or before February 2, 2009 (Doc. 19), is **VACATED**.

4)  Within thirty (30) days from the date of this order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

5) Failure to submit an amended complaint in accordance with the foregoing memorandum will result in the closure of this case.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  January 23, 2009.